UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID ALLEN MOORE,<br><br>                 Plaintiff,<br>    v.<br><br>STATE OF WASHINGTON,<br><br>                 Defendant. | Case No. 3:23-cv-05795-JNW-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR JANUARY 26, 2024 |

This matter is before the Court on Plaintiff's filing of an amended complaint (Dkt. 11) and responses to the Court's orders to show cause pursuant to the Court's order that he file one. Dkts. 10, 11. Plaintiff is proceeding *pro se* in this matter, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a). For the reasons set forth below, Plaintiff's amended complaint remains deficient, and therefore the undersigned recommends that the Court deny Plaintiff's motion to proceed *in forma pauperis* (Dkt. 5) and dismiss this action without prejudice for failure to state a claim upon which relief may be granted.

## DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C.

REPORT AND RECOMMENDATION - 1

§ 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Construction, Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989)).

The Court is required to liberally construe pro se documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). A complaint is frivolous if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Wainscott v. San Diego Cty.*, 9 F.3d 1555 (9th Cir. 1993).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

On December 5, 2023, this Court issued an order directing Plaintiff to show cause why his proposed civil rights complaint should not be dismissed for failure to state a claim or to file an amended complaint curing the deficiencies identified in the Court's order. Dkt. 10. The Court specifically informed Plaintiff that it was unable to discern what claims Plaintiff was attempting to bring against the Defendant because the documents submitted were illegible. The Court gave Plaintiff until December 22, 2023, to respond to the order to show cause. Plaintiff filed his response on December 21, 2023. Dkt .11.

1  The response was two pages, including an attached "Resolution Request". The Court, again, is unable to read what Plaintiff has submitted because it is illegible and cannot discern any legally cognizable claims.

## CONCLUSION

Because Plaintiff has not stated a claim for relief under 42 U.S.C. § 1983 and has been given the opportunity to amend his proposed complaint – but the amended complaint remains deficient – denial of Plaintiff's *in forma pauperis* application and dismissal of this action without prejudice is proper. A proposed order and proposed judgment are attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on January 26, 2024, as noted in the caption.

Dated this 5th day of January, 2024.

Theresa L. Fricke
United States Magistrate Judge