UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID ALLEN MOORE,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON,<br><br>        Defendant. | CASE NO. 3:23-cv-5795<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

## 1. INTRODUCTION

On January 5, 2024, the Honorable Theresa L. Fricke, United States Magistrate Judge, issued a Report and Recommendation ("R&R"), recommending the Court deny Plaintiff David Allen Moore's motion to proceed in forma pauperis (Dkt. No. 5) and dismiss this action without prejudice for failure to state a claim upon which relief may be granted. Dkt. No. 14. Having reviewed the R&R, Plaintiff's subsequent filings, and being otherwise informed, the Court adopts the R&R and DISMISSES Moore's complaint for the reasons stated below.

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

## 2. BACKGROUND

On September 6, 2023, Plaintiff applied to proceed in forma pauperis under 28 U.S.C. § 1915. Dkt. No. 1. On November 1, 2023, Judge Fricke issued an order to show cause directing Plaintiff to either explain and show cause why his proposed civil rights complaint should not be dismissed or to file an amended complaint by November 27, 2023. Dkt. No. 6. Plaintiff filed a document labeled "judicial notice" and two "articles for indemnification." Dkt. Nos. 7, 8, 9. On December 5, 2023, Judge Fricke issued an order directing Plaintiff to show cause why his proposed civil rights complaint should not be dismissed for failure to state a claim because his filings were "incoherent and nearly illegible." Dkt. No. 10 at 2. Judge Fricke directed Plaintiff to present a proposed amended complaint that was "legibly rewritten or retyped in its entirety." Dkt. No. 10 at 3. On December 21, 2023, Plaintiff filed an illegible response. Dkt. No. 11. The next day, Plaintiff filed an illegible emergency motion for video conference. Dkt. No. 12.

On January 5, 2024, Judge Fricke recommended the case be dismissed for failure to state a claim because the Court was "unable to read what Plaintiff [had] submitted because it was illegible and [thus the Court] cannot discern any legally cognizable claims." Dkt. No. 14 at 4.

On January 23, 2024, Plaintiff filed a Notice of Appeal to the Ninth Circuit. Dkt. No. 18. The Notice of Appeal is also illegible. Additionally, Plaintiff did not pay the required $605 docketing fee.

# 3. DISCUSSION

## 3.1 The Court retains jurisdiction to consider the Report and Recommendation.

On January 23, 2024, Plaintiff filed a Notice of Appeal. Dkt. No. 18. Like his other filings, the Notice is mostly illegible. *See id.* Due to the timing of the Notice, the Court assumes Plaintiff intended to appeal Judge Fricke's R&R denying him IFP status and recommending dismissal of the case. Dkt. Nos. 14, 18. The appeal has not yet been resolved by the Ninth Circuit. *See* docket generally.

A federal district court and a federal court of appeals "should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). Usually, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id.* But "[w]hen a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply." *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007). In this instance, the district court "may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Ruby v. Sec'y of the U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966).

Plaintiff's appeal was premature since a report and recommendation is not a final order. *Hilliard v. Kincheloe*, 796 F.2d 308, 309 (9th Cir. 1986) ("[R]eports and recommendations filed by magistrates with the district court and served on the

parties . . . are not appealable orders and . . .any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment."). Thus, Plaintiff's notice of appeal does not divest this Court of jurisdiction.

**3.2     The Court adopts Judge Fricke's Report and Recommendation.**

The Court reviews de novo only the findings and recommendation that are properly objected to. Fed. R. Civ. P. 72(b)(3). A party properly objects when he or she files "specific written objections" to the Report and Recommendation under Fed. R. Civ. P. 72(b)(2). General objections, on the other hand, do not trigger the Court's de novo review. *See Brandon v. Dep't of Corr.*, No. C21-5417-JCC, 2021 WL 5937685, at *1 (W.D. Wash. Dec. 16, 2021) ("[A] general objection has the same effect as no objection at all, since it does not focus the Court's attention on any specific issue for review."); *see also Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) ("A district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report.").

Plaintiff submitted two documents Exhibits (Dkt. No. 16) and Miscellaneous Documents (Articles of/For Indemnification) (Dkt. No. 17). The Exhibits document is a series of Department of Corrections Incident Reports. Dkt. No. 16. The handwritten contents of the Articles of Indemnification are not legible and are accompanied by two Department of Corrections Resolution Requests. Dkt. No. 17. The Court does not interpret either of these documents as specific objections to the

R&R. *See Brandon v. Dep't of Corr.*, No. C21-5417-JCC, 2021 WL 5937685, at *1 (W.D. Wash. Dec. 16, 2021) ("[A] general objection has the same effect as no objection at all, since it does not focus the Court's attention on any specific issue for review.").

Because there were no proper objections, the Court may adopt the R&R if it is satisfied there are no clear errors on the face of the record. Fed. R. Civ. P. 72(b) Advisory Committee's Note to 1983 Amendment. The Court agrees with Judge Fricke's reasoning that dismissal without prejudice is warranted given that Plaintiff's filings are illegible and thus fail to state a claim upon which relief may be granted.

## 4. CONCLUSION

Based on its review of the R&R and the remaining record, the Court finds and ORDERS:

1. The Court ADOPTS the Report and Recommendation;
2. Plaintiff's application to proceed in forma pauperis is DENIED;
3. Plaintiff's complaint is dismissed without prejudice;
4. Plaintiff's Motion for Video Conference is DENIED as MOOT; and
5. The Clerk is directed to send a copy of this Order to Plaintiff.

Dated this 1st day of February, 2024.

Jamal N. Whitehead
United States District Judge